IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**ODELL TONY ADAMS**,    Case No. 3:19-cr-00009-MO-1

OPINION AND ORDER

Defendant.

**MOSMAN, J.**,

Defendant, Odell Tony Adams, filed this Motion for Reconsideration [ECF 145], requesting that, in light of new evidence, I reconsider my earlier denial of his Motion to Suppress/Motion for a *Franks* Hearing [ECF 15]. As explained below, I DENY Defendant's motion.

## FACTUAL BACKGROUND

Mr. Adams is charged with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Second Superseding Indictment [ECF 65] at 1. The charge stems from two distinct acts of possession of two different firearms, which Mr. Adams allegedly possessed on different days in different locations. *Id*. at 1-2; Compl. [ECF 1] at 3-4. One of the firearms is a Taurus model PD 24/7 Pro .40 caliber handgun. Indictment [65] at 2. The other is a Ruger model SR-40 .40 caliber handgun. *Id.* The charges originated from an investigation into a shooting at the Speakeasy Lounge in east Portland on the night of October 5, 2018, after which the shooter fled the scene. Gov't. Trial Br. [ECF 82] at 2-9.

1 – OPINION AND ORDER

On the night of the shooting, the Portland Police Bureau responded to the Speakeasy and conducted a crime scene investigation. Trial Br. [82] at 9; Compl. [1] ¶ 5. Meanwhile, Gresham police officers followed a tip from two eyewitnesses who pointed officers to a suspect who was not Mr. Adams. Def.'s Mot. [145] at 9-11. The description the witnesses gave described a man wearing "a black hoodie, black pants, and white shoes." *Id.* at 3. Officers followed that suspect to a TriMet MAX station and took him in for questioning. Gov't. Resp. [ECF 147] at 5-6. The suspect, a juvenile, was charged with unrelated drug crimes and was not referred to the PPB for further investigation related to the shooting. *Id.* at 6. He was found with a firearm, but it did not match the caliber of the shells found in the Speakeasy parking lot. *Id.* (S.S. had a .380 caliber firearm at the time of his arrest).[1]

At the Speakeasy, PPB officers took witness statements and seized a number of shell casings, which corresponded to the number of bullet strikes found on an SUV and a Buick in the Speakeasy parking lot. Trial Br. [82] at 9. PPB officers later used surveillance videos from the Speakeasy to identify the individuals present at the scene, including Mr. Adams himself. *Id.* They then obtained his address and cell phone number from his federal probation officer. *Id.* On October 31, 2018, PPB obtained a search warrant for Mr. Adams's residence, which authorized the seizure of Mr. Adams for his DNA and any evidence related to the Speakeasy shooting. Compl. [1] ¶ 5. Officers executed that search warrant on November 2, 2018. *Id.* ¶ 6.

Defendant challenged that warrant in a Motion to Suppress. [ECF 15]. He argued that the Government improperly omitted the eyewitness description of a suspect wearing "a black hoodie, black pants, and white shoes" from its warrant affidavit and, because that description did not exactly match Defendant's attire, the affidavit could not support probable cause for an arrest.

---

[1] The only shell casings found at the scene were .40 caliber. Gov't. Resp. [147] at 3.

Def.'s Mot. [145] at 3-4. I denied that motion following an oral argument. Min. of Proceedings [ECF 48]. Months later, the Government produced two additional police reports that revealed the existence of the second suspect, S.S., and the Gresham Police Department's contact with him. Def.'s Mot. [145] at 4. I granted a trial continuance in light of that new information. Min. of Proceedings [ECF 119]. Defendant has now filed the motion at issue here, seeking for me to reconsider my initial ruling on his motion to suppress for the same reason.

## DISCUSSION

The question here is whether, in light of this new evidence, Defendant has now met his burden to justify a *Franks* hearing challenging the probable cause for the warrant and ultimately having it suppressed. Defendant must make a "substantial preliminary showing" that (1) the affiant included a false statement in the warrant affidavit, either knowingly or with reckless disregard for the truth, and (2) if the false information were excluded, the affidavit's "remaining content is insufficient to establish probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). If Defendant satisfies his burden on both prongs of this test, the warrant is void and all fruits of the search it authorized must be suppressed. *Id.* at 156. The *Franks* rule applies equally to "deliberate or reckless omissions of facts that tend to mislead." *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985).

In this case, I find that Defendant has not satisfied his burden on either prong of the *Franks* test, although a failure on either would be fatal to his motion. First, on the issue of deliberate or reckless disregard for the truth, I do not find that the facts support a finding in Defendant's favor. Officer Jones, the affiant in this case, conducted a two-week investigation before he applied for the warrant, and he never heard anything more from Gresham PD about S.S. after the night of the shooting. Gov't. Resp. [147] at 4-6. It was not knowing or reckless to

3 – OPINION AND ORDER

omit the fact that a different police department had pursued a second lead on the night of the shooting that never materialized into anything useful. This is even more so given that S.S. was a juvenile with no ties to the Speakeasy or the other people present at the scene, and no motive for the shooting. In its worst possible light, the omission demonstrates some lack of thoroughness, nothing more.

Second, I find that the affidavit would still provide probable cause for the search of Defendant's home and his arrest even if the omitted information had been included. The affidavit relied on more evidence than eyewitness descriptions alone, and Officer Jones had detailed reasons supporting probable cause to believe that Defendant was the shooter. Gov't. Resp. [147] at 5. If he had told the magistrate that there was a second suspect on the night of the shooting—a suspect who never reappeared in the investigation—it seems unlikely that this information would have affected the magistrate's finding of probable cause. Further, the identification of multiple suspects does not defeat probable cause. An officer could have probable cause to arrest Suspect #1 while still investigating Suspect #2. He would not need to know for sure that Suspect #1 is the right person in order to have probable cause for a warrant, so it would not have mattered if there had been a possibility that someone else was the shooter when there was plenty of evidence pointing to Defendant.

This is not to say that the possibility of a second shooter is irrelevant to Defendant's case. But probable cause is not reasonable doubt, and even on these facts, the *Franks* standard has not been met. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (holding that "probable cause" requires only that "there is a fair probability" that evidence of a crime will be found in a particular place).

//

//

## CONCLUSION

For the reasons explained above, Defendant's Motion for Reconsideration [145] is DENIED.

IT IS SO ORDERED.

DATED this __12__ day of June, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER